PER CURIAM.
The wife appeals the distribution of assets contained in the final judgment and the order which denied an award of her attorney’s fees. We reverse as to two points raised in the consolidated appeals and affirm as to the others. The wife’s attorney’s fees should have been paid by the husband and the wife should have been awarded permanent periodic alimony.
*757 The trial judge found that the husband was “receiving $10,000 monthly” and the wife had an income of “approximately $1,200 per month.” The final judgment awarded the husband the three houses titled in his and the wife’s names. His income and the houses gave the husband a substantially superior financial position to that of the wife. We hold that the trial judge abused his discretion when he failed to order the husband to pay the wife’s attorney’s fees. Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980); Gibson v. Gibson, 560 So.2d 392 (Fla. 4th DCA 1990).
The purpose of permanent periodic alimony is to provide for the needs and necessities of life to a former spouse as established by the marriage of the parties. Canakaris, 382 So.2d at 1201. The primary considerations for this type of alimony are the needs of one spouse for the alimony and the ability of the other spouse to provide it. Id. “The criteria to be used in establishing need include the parties’ earning ability, age, health, education, the duration of the marriage, the standard of living during its course, and the value of the parties’ estates.” Id. at 1201-1202. In limited circumstances, permanent periodic alimony may be used to balance inequities rather than to provide support.[1] Id. at 1202. Based on the circumstances of this appeal, we hold that the trial judge abused his discretion when he failed to award the wife permanent periodic alimony.
Accordingly, we remand with directions to the trial judge to award the wife permanent periodic alimony and her attorney’s fees.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, GLICKSTEIN and GARRETT, JJ., concur.

. We acknowledge that the final judgment gave $27,500 to the wife. But, we consider that award to be lump sum alimony given to counterbalance the award of the houses. The wife received nothing to counterbalance her inability to support herself at the level she enjoyed during the marriage.